# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

PAUL KOCH,
    *Plaintiff*,

v.

VICTORIA KOCH,
    *Defendant*.

No. 18-cv-1099 (VAB)

## ORDER DISMISSING AND REMANDING THE ACTION

On July 9, 2018, the Court ordered Paul Koch ("Plaintiff") to show cause why this Court has subject matter jurisdiction over this action and why his removal of the action from the Stamford Probate Court was proper. Order to Show Cause, dated July 9, 2018 ("OTSC"), ECF No. 12. Based on Mr. Koch's "preliminary response" on August 13, 2018, and his failure to file any further response to the Court's show cause order for the past two months, the Court concludes that that it lacks subject matter jurisdiction over this action as it was not properly removed according to the procedures outlined in 28 U.S.C. § 1446. Moreover, even if the action were properly removed, the Court would not have subject matter jurisdiction over the underlying action.

The Court therefore finds that this action must be **DISMISSED AND REMANDED** back to the Stamford Probate Court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2018, Mr. Koch removed this case from the Stamford Probate Court in Stamford, Connecticut. Notice of Removal, dated July 24, 2018, ECF No. 1. Attached to Mr. Koch's Notice of Removal is an unsigned, incomplete, three-page document titled "Petition for

1

Appointment of a Conservator" that seeks to have his wife, Victoria Koch ("Defendant"), found mentally incapacitated and her estate placed into involuntary conservatorship. Petition for Appointment of a Conservator, annexed as Ex. B to Notice of Removal. In the Notice, Mr. Koch claims to be acting as "husband and attorney in fact for Victoria Koch." Notice of Removal at 1.

A hearing notice annexed to the Notice of Removal indicates that a hearing in the involuntary conservatorship action was scheduled for June 28, 2018 at 1:00 p.m. at the Stamford Probate Court—the same day that Mr. Koch removed the action to this Court. Scheduling Order, dated June 13, 2018, annexed as Ex. C to Notice of Removal.

The same day that he removed the action, Mr. Koch also filed a motion to proceed *in forma pauperis*. Motion for Leave to Proceed *in forma pauperis*, dated June 28, 2018, ECF No. 2. Then, on June 29, 2018, he filed a combined emergency motion for injunctive relief, to stay the action, and motion for a hearing. *See* Emergency Motion for Injunction, Motion to Stay, dated June 29, 2018, ECF No. 6.

On July 2, 2018, Ms. Koch moved to withdraw the notice of removal filed by Mr. Koch, in which she contests his authority to make this filing on her behalf. Motion to Withdraw Notice of Removal, dated July 2, 2018 ("Mot. to Withdraw"), ECF No. 9. Her motion included an affidavit stating that she and Mr. Koch are currently estranged, that she is currently in the middle of an "extremely contentious" dissolution of marriage action against him, that Mr. Koch "has used every means possible in which to attempt to annoy, delay, harass and unnecessarily complicate the legal actions to which I am involved," and that Mr. Koch's power of attorney to act on her behalf "has been revoked" as of November 15, 2017. Affidavit of Victoria Koch Re: Objection to Motion for Notice of Removal, dated July 1, 2018 ("V. Koch Aff.") annexed to Mot. to Withdraw, ¶¶ 6–12. Ms. Koch further claims that Mr. Koch is currently living at the

home at 2 Random Road, Old Greenwich, CT 06870 "without paying any costs whatsoever and he wishes to continue to do so by defrauding the Courts and creating controversy by filing false documents." *Id.* ¶ 13. Ms. Koch also attaches two documents—one executed in Connecticut and one in New York, and both witnessed—which indicate that she expressly revoked Mr. Koch's power of attorney in November 2017. *See* Revocation of Power of Attorney (Connecticut), dated November 15, 2017, annexed to Mot. to Withdraw; Revocation of Power of Attorney (New York), dated November 15, 2017, annexed to Mot. to Withdraw.

On July 9, 2018, this Court ordered Mr. Koch to show cause by July 27, 2018 why this Court has subject matter jurisdiction over this action, given that his notice of removal "does not appear to provide any basis for the Court to exercise subject matter jurisdiction over this case." OTSC at 1. This Court also ordered Mr. Koch to show cause why his removal of the action from the Stamford Probate Court was proper, given that he (1) is not the defendant in the action; (2) did not include the required process, pleadings, and orders served in the removed action; (3) that he did not comply with the requirements of the Court's Standing Order on Removed Cases. *Id.* at 1–2.

Mr. Koch requested an extension of time to respond until August 13, 2018, which this Court granted. Order Granting Motion for Extension of Time, dated July 30, 2018, ECF No. 14. On August 13, 2018, Mr. Koch filed another motion to extend time until September 4, 2018, which was largely identical to the previous motion. Both extension motions also included a section entitled "Preliminary Response – Legal Grounds for Subject Matter Jurisdiction and Why Removal of the Action was Proper." Emergency Motion for Extension of Time, dated Aug. 13, 2018 ("Emergency Mot."), ECF No. 15.

The Court did not immediately act on the second extension motion, but September 4, 2018 came and went with no further filing from Mr. Koch. More than a month has passed since the requested deadline and no additional response to the Order to Show Cause has been filed.

## II. DISCUSSION

### A. Removal was Improper

Under the removal statutes, only a defendant may remove an action to federal court. 28 U.S.C. §§ 1441(a), 1446(a); *see Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("[A] party who is in the position of a plaintiff cannot remove.").

Mr. Koch is not a defendant in this action; only Ms. Koch is. She therefore is the only party who may properly remove the action. She has, moreover, filed an affidavit which sets out, with documentary evidence, her express revocation of Mr. Koch's previous power of attorney. He therefore had no legal basis to remove the action on her behalf.

Because Mr. Koch, as Plaintiff, may not remove this action to federal court, the removal was wholly improper. The Court therefore does not have subject matter jurisdiction over the action and must dismiss and remand the case to the Stamford Probate Court.

### B. Lack of Jurisdiction

Even if Mr. Koch were authorized to remove the action on behalf of Ms. Koch, the Court would still find dismissal and remand necessary for want of subject-matter jurisdiction. Mr. Koch has asserted that the Court could properly exercise either diversity jurisdiction or federal question jurisdiction had this case been originally filed in federal court. The Court disagrees.

#### 1. Diversity Jurisdiction

"[I]t is well established that 'the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is

complete.'" *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations, or if the court *sua sponte* raises the question." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations and quotation marks omitted).

Mr. Koch asserts that the Court has diversity jurisdiction because he and Ms. Koch are citizens of different states and because there is more than $75,000 in controversy. Mr. Koch has not, however, sufficiently pleaded facts to meet his burden to invoke this Court's diversity jurisdiction.

    a. **Amount in Controversy**

A court must accept a defendant's plausible amount-in-controversy allegation if it is made in good faith and not challenged by an opposing party or the court. 28 U.S.C. § 1446(c)(2) "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

A deeper inquiry into the evidentiary basis for an alleged amount in controversy is not required, however, when the allegation is not plausible or is made in bad faith.

"[A]lthough the plausibility requirement is most commonly applied in the context of evaluating whether a complaint substantively states a claim for relief, there is little reason to suppose that it should not equally govern the evaluation of factual allegations that support federal subject matter jurisdiction, such as to evaluate facts alleged concerning an amount in controversy

5

for purposes of federal diversity jurisdiction." *Lapaglia v. Transam. Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (Meyer, J.). While "some commentators contend that the plausibility requirement should not apply when evaluating fact-based jurisdictional allegations," the Court agrees that "[i]t would be highly incongruous to require separate pleading standards" for jurisdictional and substantive allegations, "especially considering that the factual nature of the claims surrounding the grounds for jurisdiction are, more often than not, intertwined with the factual allegations showing that the pleader is entitled to relief." *Id.* (citations and internal quotation marks omitted).

The Supreme Court, moreover, made it clear in *Dart Cherokee* that a plausible allegation of the amount-in-controversy is required. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

It is well-established that threadbare recitals of legal standards are not plausible allegations. The Notice of Removal's amount in controversy allegation is no more than such a threadbare recital, unsupported by any facts whatsoever—let alone plausible ones. *See* Notice of Removal at ¶ 26 ("Additionally, the amount in dispute exceeds $75,000.").

In his preliminary response to the Court's order to show cause, Mr. Koch speaks to the amount in controversy:

> The amount in controversy at issue is far in excess of $75,000 and is in the millions. The marital estate of the Petitioner and Respondent and the Bankruptcy Petition of the respondent, although fraudulent on it's [sic] face, involves properties and claims in the millions of US dollars. These estates were being actively litigated at the time of removal and civil rights of the Respondent were being violated. Right before the State court Probate hearing, upon information and belief, Judge Heller interfered with the parties' rights to a fair and neutral tribunal contacting the court and prejudicing the parties further.

Emergency Mot. at 9. This action, however, is not about the marital estate or about bankruptcy. It is about Mr. Koch's claim that Ms. Koch must be placed into an involuntary conservatorship. Other court actions will ultimately determine the fate of the parties' alleged millions of U.S. dollars. These statements are therefore irrelevant to Mr. Koch's allegation that more than $75,000 is in controversy here.

There is also ample evidence that Mr. Koch has not made this allegation in good faith. Ms. Koch also points out that Mr. Koch previously attempted to remove a foreclosure action to the United States District Court for the District of Connecticut in Hartford, improperly claiming that he was the "attorney in fact" for Ms. Koch more than two months after she had sued in state family court action to dissolve their marriage. *See* Mot. to Withdraw at 1; Notice of Removal, *Deutsche Bank Nat'l Tr. Co. v. Koch*, No. 3:17-cv-842-AVC, dated May 22, 2017, ECF No. 1. Mr. Koch also separately attempted to remove that action again, which this Court rejected on July 6, 2018. *See* Ruling and Order Granting Motion to Withdraw Notice of Removal, *Deutsche Bank Nat'l Tr. Co. v. Victoria Koch*, No. 18-cv-1028-VAB, dated July 6, 2018, ECF No. 12. And, most recently, this Court rejected Mr. Koch's attempt to remove the state family court dissolution of marriage action he and Ms. Koch are embroiled in, as it was both untimely filed and the court lacked any basis for jurisdiction. *See* Order Adopting Recommended Ruling and Remanding the Action, *Koch v. Koch*, No. 18-cv-1225-VAB, dated Oct. 12, 2018, ECF No. 13.

   b. **Complete Diversity of Citizenship**

Mr. Koch has also failed to properly plead complete diversity of citizenship. Mr. Koch's notice of removal does not even state that he is a citizen of New York, but merely states that he "does not reside in the same State as the Defendant." Notice of Removal at ¶ 26. The Court has identified, moreover, no supporting facts substantiating Mr. Koch's alleged residence in another

7

state (which is presumably New York, since a New York address is listed in his filings) in either the Notice of Removal or the preliminary response.

Ms. Koch, on the other hand, has alleged by affidavit that Mr. Koch actually lives and intends to remain in Connecticut. V. Koch Aff. ¶ 3; *see also* Affidavit of Victoria Koch, *Deutsche Bank Nat'l Tr. Co. v. Victoria Koch*, No. 18-cv-1028-VAB, dated July 1, 2018, ECF No. 8, at ¶¶ 4–6. If this is true, Mr. Koch is domiciled in Connecticut, not in New York, and was therefore a citizen of Connecticut for diversity purposes at the time of filing.

Mr. Koch has failed to meet his burden in persuading the Court that he is not a citizen of Connecticut. *See Herrick*, 251 F.3d at 324 ("Because the burden of establishing diversity remains with Herrick, this failure is fatal to Herrick's arguments that it and Skadden are diverse.").

The Court concludes that Mr. Koch has not properly pleaded that more than $75,000 is in controversy in this action or that he and Ms. Koch are citizens of different states. There is, accordingly, no basis for this Court to exercise diversity jurisdiction over this action.

### 2. Federal Question Jurisdiction

Mr. Koch also alleges that federal question jurisdiction exists under 28 U.S.C. § 1331 because he alleges violations of his civil rights under 42 U.S.C. § 1983 and the United States Constitution.[1] *See* Notice of Removal at ¶ 28; Emergency Mot. at 9 ("In this case there are civil rights violations arising under the Constitution, laws, or treaties of the United States.").

The underlying action, however, was not a suit made under § 1983, but under Connecticut's involuntary conservatorship law. Nor does Mr. Koch elaborate any plausible

---

[1] Mr. Koch also cites a variety of jurisdiction-related statutes, including the Class Action Fairness Act of 2005, on the first page of his notice, but the section of his notice as to federal question jurisdiction states that he believes jurisdiction is grounded in 42 U.S.C. § 1983 and the U.S. Constitution. *Compare* Notice of Removal at 1, *with* Notice of Removal ¶ 28. The Court therefore finds it unnecessary to address those other alleged grounds for federal question jurisdiction.

factual allegations as to the alleged federal questions raised by the underlying conservatorship action.

Even reading this filing liberally to raise the strongest argument it may suggest, as required in this Circuit when analyzing *pro se* filings, the Court cannot identify any plausible basis for federal question jurisdiction here. "[E]ven a *pro se* complaint must ultimately meet this threshold plausibility requirement—that is, to allege facts that state a claim for relief that is plausible on its face." *Lapaglia*, 155 F. Supp. 3d at 155 (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015)). The same standard applies to a *pro se* notice of removal. *See, e.g.*, *First Horizon Home Loans v. Man Yi Cindy Ng*, No. 09 Civ. 7274(SCR)(PED), 2010 WL 4258752, at *1–2 (S.D.N.Y. Apr. 12, 2010) (recommending remand where *pro se* defendant claimed federal question jurisdiction in her removal papers but where action did not appear to present any federal question), *report and recommendation adopted*, 2010 WL 4258523 (S.D.N.Y. Oct. 27, 2010).

Because the underlying probate action does not arise "under the Constitution, laws, or treaties of the United States," Mr. Koch cannot invoke the federal question jurisdiction of this Court. 28 U.S.C. § 1331.

### IV. CONCLUSION

For the reasons discussed above, this case is hereby **DISMISSED AND REMANDED** to the Stamford Probate Court.

The Clerk of the Court is respectfully directed to close this case.

SO ORDERED at Bridgeport, Connecticut, this 15th day of October, 2018.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge